Filed 6/10/25  P. v. Dickerson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082172 |
| v. | (Super. Ct. No. SWF2101551) |
| MARK LAVELL DICKERSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gary Polk, Judge. Affirmed.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, and Emily M. Reeves, Deputy Attorneys General, for Plaintiff and Respondent.

# I.

# INTRODUCTION

A jury convicted defendant and appellant Mark Lavell Dickerson of committing various sex crimes against two of his step-daughters, and the trial court sentenced him to 30 years to life. He claims the trial court committed two instructional errors. We disagree and affirm.

# II.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendant's wife, M.W., has three daughters from a previous marriage: N.W., J.W., and K.W. In July 2021, defendant got into a physical altercation with J.W. and M.W. when trying to break up a fight between them. When defendant left the house after the fight, J.W., N.W., and K.W. told M.W. about defendant's abuse.

According to K.W., defendant molested her repeatedly between 2018 and 2021. On different occasions, defendant slapped her buttocks, kissed her on the lips and neck, rubbed her breasts, tried to get her to touch his penis, and tried to rub her vagina as she slept. On one occasion, he "grind[ed] on [her] butt" while they lay together under a blanket.

J.W. similarly testified that defendant molested her repeatedly over the years. Defendant slapped J.W.'s buttocks "almost daily." On more than one occasion, defendant

---

[1] Given that defendant raises only two narrow claims of instructional errors that we can resolve without much discussion, we provide only a brief recitation of the facts and background.

touched her "private part" in "the front part" and rubbed her inner thighs. On another occasion, she woke up to defendant rubbing her breasts. After giving her alcohol once, defendant started kissing her neck and putting his hand down her stomach to her "private area." On the day before the girls told their mother about defendant's abuse, defendant kissed J.W.'s neck and touched her breasts while she was intoxicated in a hot tub with defendant.

Defendant was charged with one count of lewd or lascivious conduct by force or duress (Pen. Code, § 288, subd. (a); count 1),[2] 10 counts of lewd and lascivious acts upon a child under the age of 14 (§ 288, subd. (a); counts 2-11), three counts of lewd and lascivious acts with a child who is 14 or 15 years old and more than 10 years younger than the defendant (§ 288, subd. (c)(1); counts 12-14), and one of count of willful infliction of corporal injury (§ 273.5, subd. (a); count 15). The jury convicted defendant on counts 1 through 8 and count 14, and found as to counts 1 through 8 that he committed qualifying sex offenses against more than one victim (§ 667.61, subd. (e)(4)). The trial court sentenced defendant to 30 years to life.[3]

---

[2] All further statutory references are to the Penal Code.

[3] Defendant filed a petition for a writ of habeas corpus along with this appeal. We address the petition by separate order.

3

### III.

### DISCUSSION

A. *CALCRIM NO. 226*

The trial court instructed the jury with CALCRIM No. 226, which explained how the jury was to evaluate witness testimony. At the prosecutor's request and over defendant's objection, the trial court included optional language from the instruction, which read: "If the evidence establishes that a witness's character for truthfulness has not been discussed among the people who know him or her, you may conclude from the lack of discussion that the witness's character for truthfulness is good."

Defendant argues, and the People effectively concede, that the trial court erred by including this language since there was no evidence about whether any witness's character for truthfulness had been discussed. Because no evidence supported giving the instruction, the trial court erroneously gave it to the jury. (*People v. Rowland* (1992) 4 Cal.4th 238, 282.)

The error was harmless, however, because it is not reasonably probable defendant would have obtained a better outcome had the court not given the instruction. (*People v. Guiton* (1993) 4 Cal.4th 1116, 1129-1130 [an erroneously given jury instruction is subject to the harmless error analysis under *Watson*]; *People v. Falaniko* (2016) 1 Cal.App.5th 1234, 1247 ["giving an irrelevant or inapplicable instruction . . . does not implicate the defendant's constitutional rights and is subject to harmless error review under [*Watson*]"].)

4

The instruction applied only "[i]f the evidence establishe[d] that a witness's character for truthfulness has not been discussed among the people who know him or her." Because there was no evidence that any such discussion had not occurred, the instruction, by its own terms, did not apply. The jury was instructed to disregard instructions that do not apply (CALCRIM No. 226), and the jury is presumed to have followed that instruction and applied it correctly. (*People v. Edwards* (2013) 57 Cal.4th 658, 723 ["We presume the jury followed the trial court's instructions"].) Any error in CALCRIM No. 226 was therefore harmless.

B. *CALCRIM NO. 1193*

The trial court instructed the jury with CALCRIM No. 1193, which explained how the jury was to consider expert testimony on Child Sexual Abuse Accommodation Syndrome (CSAAS). The instruction read in relevant part: "You may consider this evidence only in deciding whether or not Jane Doe K.W., Jane Doe J.W. and Jane Doe N.W.'s conduct was consistent with the conduct of someone who has been molested and in evaluating the believability of her testimony." Defendant contends the trial court erred in giving this instruction. We disagree.[4]

A number of appellate courts have considered and rejected defendant's argument. (See, e.g., *People v. Ramirez* (2023) 98 Cal.App.5th 175, 219; *People v. Lapenias* (2021) 67 Cal.App.5th 162, 175; *People v. Munch* (2020) 52 Cal.App.5th 464, 473-474; *People*

---

[4] We assume without deciding that defendant did not forfeit the argument, as the People contend.

*v. Gonzales* (2017) 16 Cal.App.5th 494, 504.)  These courts "have upheld the language of CALCRIM [No.] 1193 as accurately informing the jury of the limited use of CSAAS evidence."  (*People v. Ortiz* (2023) 96 Cal.App.5th 768, 816.)  We agree with their analysis and reach the same conclusion here.  The trial court thus properly gave the jury CALCRIM No. 1193.

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

Acting P. J.

We concur:

FIELDS

J.

MENETREZ

J.

6